143 So. 244

STATE v. SQUIRE.

No. 31871.

June 20, 1932.

Rehearing Denied July 20, 1932.

Edwin I. Mahoney and Gaston Rose, both of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., and Eugene Stanley, Dist. Atty., and Chandler C. Luzenberg, Jr., Asst. Dist. Atty., both of New Orleans, for the State.

ROGERS, J.

Artee Squire, John S. Hughes, Isaac Winder, and David Jones were jointly charged in a bill of information with the crimes of grand larceny in the first count and with having stolen property in possession in the second count. All the defendants pleaded not guilty on arraignment. Before trial, Isaac Winder was permitted to withdraw his plea of not guilty and to plead guilty of larceny of more than $20 and less than $100, on which plea he was sentenced to imprisonment in the parish prison for a period of six months. When the case was called for trial, it was severed on application of the state as to David Jones. The remaining defendants Artee Squire and John S. Hughes were then tried; the jury returning a verdict as to Artee Squire of guilty on the first count and not guilty on the second count, and of not guilty as to John S. Hughes on both counts. After his conviction, a bill of information was filed charging Artee Squire with violating Act No. 15 of 1928, relative to second and subsequent offenders. Defendant's application for a new trial was denied, and defendant, having admitted on arraignment on the charge of violating Act No. 15 of 1928 that he was the

person named in the bill, was sentenced to imprisonment at hard labor in the penitentiary for a term of not less than ten years nor more than twenty years. From his conviction and sentence, defendant, Artee Squire, appeals, relying on three bills of exception.

Bill No. 1. Isaac Winder, who was called as a witness by the state, was questioned on direct examination as follows, viz.: "Just start at the beginning and tell us all about the transaction." To which the witness replied: "Dave—Artee Squire—John Hughes came to my house, on just what date I don't remember."

Defendant then objected to the witness testifying to anything that took place "outside of the 17th day of September," the date of the commission of the alleged crimes as charged in the bill of information.

The objection was overruled as premature. The state contended that a conspiracy existed among the parties to steal coils of copper wire from the Western Electric Company, where Hughes worked. Winder first described a conversation he had with Hughes, in which the name of Squire was not mentioned. Hughes, however, was acquitted. Later on in his testimony Winder involved Squire in the matter by relating a conversation that took place between him and Squire, immediately preceding and in connection with the stealing of the copper wire. Defendant objected to this testimony, but did not reserve a bill to the overruling of the objection; hence the objection must be considered as having been abandoned.

Bill No. 2. This bill was reserved to the admission over defendant's objection of the testimony of Richard Edwards. This testimony was to the effect that the witness had signed the bond of Artee Squire, and that, after the release of Squire on the bond, the witness, Squire, and another negro went to the junk yard of one Glazer, where Edwards received two automobile tires for signing defendant's bond.

The testimony was admitted in corroboration of that of the witness Isaac Winder, who, without objection, had testified that he and Artee Squire had at various times disposed of wire similarly stolen from the Western Electric Company to Glazer, the junk dealer. Winder, one of the accused in the case, had previously pleaded guilty to petty larceny and was used by the state as a witness against Hughes and Squire.

Bill No. 3. This bill was reserved to the action of the trial judge in overruling defendant's motion for a new trial.

Defendant, in his motion, alleged that the trial judge erred in overruling his objections to the testimony of Isaac Winder and Richard Edwards. These allegations were merely reiterations of defendant's complaints presented in bills of exception Nos. 1 and 2.

Defendant also averred that there was a variance between the facts as charged in the bill of information and the proof offered by the state on the trial of the case.

The bill of information charged defendant, in the first count, with the larceny of four coils of copper wire valued at $150. The jury found defendant guilty of larceny in the amount of $106.04. Defendant contends that the proof offered by the state showed that, if any crime at all was committed, it was the crime of larceny of two coils of wire valued at $75, and not of four coils of wire valued

at more than $100; in other words, that, while defendant was charged with grand larceny, the crime committed, if any, was only petty larceny, and that the jury erred in convicting defendant of the former offense instead of the latter offense.

Whether the evidence offered on the trial of the case justified the verdict was a question solely within the province of the jury, which this court is powerless to review.

We find no reversible error in the record.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., dissents from the ruling on bill No. 2.